## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DALLAS FALLEN OFFICER** | § | |
| **FOUNDATION,** | § | |
|     *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-cv-00481** |
| | § | |
| **FREDERICK FRAZIER, DPA'S ASSIST** | § | |
| **THE OFFICER FOUNDATION, INC.,** | § | |
| **and DALLAS POLICE ASSOCIATION,** | § | |
|     *Defendants* | § | |

---

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 17(B)(2) AND BRIEF IN SUPPORT, OR ALTERNATIVELY, MOTION TO SHOW AUTHORITY

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT, III:

COME NOW, Defendants Dallas Police Association ("the DPA"), Frederick Frazier ("Frazier") and DPA's Assist the Officer Foundation ("ATO"), Defendants herein, and file this *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 17(b)(2) and Brief in Support, Or Alternatively, Motion to Show Authority*, and would show unto the Court the following:

## I.
## BACKGROUND

This lawsuit was allegedly brought on behalf of the Dallas Fallen Officer Foundation ("DFOF"), a Texas nonprofit corporation. *See Plaintiff's Original Complaint*, Doc. No. 1, at p. 1. According to deposition testimony, Demetrick Pennie ("Pennie") purports to be the President of the DFOF. *See Deposition of Demetrick Pennie,* at pp. 161-163, 178-180, attached as Exhibit 1. Pennie testified he has been the President of the DFOF since 2014. *Id.,* at p. 161, Ex 1. However,

DFOF meeting minutes and Texas Secretary of State filings show Pennie has been the President of the DFOF since 2015. *See Texas Secretary of State DFOF Filings*, attached as Exhibit 2; *see also DFOF Meeting Minutes*, attached as Exhibit 3.

Moreover, the DFOF's Certificate of Formation does not list Pennie as a Director. *See Certificate of Formation of the Dallas Fallen Officer Foundation*, included in Exhibit 2. Subsequent filings with the Texas Secretary of State for the DFOF note Pennie, Sonia Godinez and Eric Feinberg as DFOF directors.[1]

There is no evidence that the Board of Directors authorized the filing of this lawsuit. Indeed, persons who claim to be directors and/or officers with the DFOF do not recall voting/authorizing this lawsuit to be filed. *See Deposition of Sonia Godinez*, at pp. 23, 29, 120-121, attached as Exhibit 4; *see also Deposition of Armando Tijerina*, at pp. 35, 94-95, attached as Exhibit 5.

## II.
## RELIEF REQUESTED

Defendants seek dismissal of this lawsuit pursuant to Rule 17(b)(2) of the Federal Rules of Civil Procedure regarding the authority of a corporation to bring suit under Texas law. Alternatively, Defendants seeks a determination of the authority of DFOF's counsel to file and prosecute this lawsuit.

## III.
## THE LAW

A domestic entity, such as a Texas not-for-profit corporation, is governed by a board of directors. *Tex. Bus. Orgs. Code Ann.* §§ 22.201–22.202; *Candle Meadow Homeowners Assoc. v. Jackson*, 2018 WL 6187616, at *3 (Tex. App.—Dallas Nov. 27, 2018); *Square 67 Dev. Corp. v.*

---

[1] *See Texas Secretary of State DFOF Filings*, included in Exhibit 2.

*Red Oak State Bank*, 559 S.W.2d 136, 138 (Tex. App.—Waco 1977, writ ref'd. n.r.e.); *see also Street Star Designs, LLC v. Gregory*, 2011 WL 3925070, at *3 (S.D. Tex. Sept. 7, 2011). An act taken by a Board of Directors is done by a majority vote. *Tex. Bus. Orgs. Code Ann.* § 22.214. An officer of a corporation is not authorized to pursue/file litigation without the authority granted by the corporation's board of directors. *Jackson*, 2018 WL 6187616, at *3; *Nolana Open MRI Ctr., Inc. v. Pechero*, 2015 WL 601916, at *9 (Tex. App.—Corpus Christi Feb. 12, 2015, no pet.); *Square 67 Dev. Corp.*, 559 S.W.2d. at 137–38; *see also Gregory*, 2011 WL 3925070, at *3.

Further, under the Texas Business Organizations Code, absent an express bylaw, officers can be appointed or elected. *Tex. Bus. Orgs. Code Ann.* § 3.103. However, appointment does not mean self-appointment where a board of directors exists. *Tex. Bus. Orgs. Code Ann.* § 22.232(b). Where no bylaw provisions exist, officers must be elected or appointed annually by the board of directors. *Id.* Additionally, absent specific bylaws, board of directors are elected by other board of directors. *Tex. Bus. Orgs. Code Ann.* § 22.206; *Gu Kwang Lee v. Paik*, 2019 WL 1033869, at *3 (Tex. App.—Dallas Mar. 5, 2019, no pet.).

Rule 17(b)(2) of the Federal Rules of Civil Procedure states:

(b) **Capacity to Sue or Be Sued**. Capacity to sue or be sued is determined as follows:

(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;

(2) for a corporation, by the law under which it was organized . . .

*Fed. R. Civ. P*. 17(b)(2).

In Texas, if a lawsuit is instituted by a lawyer on behalf of a plaintiff without authority, a party may file a motion to show authority. *Tex. R. Civ. P.* 12; *In re Users System Services, Inc*., 22 S.W.3d 331, 335 (Tex. 1999). Thus, the law in Texas is that a lawsuit filed without authorization

or authority is subject to dismissal under Rule 12. *Users System Services, Inc.*, 22 S.W.3d at 335. Such a motion is also recognized in federal courts. *Moncivais v. Allstate Texas Lloyds*, 2018 WL 7288580, at *1-2 (W.D. Tex., Aug 31, 2018); *Peterson for Prestonwood Trust v. Bank of America, N.A.*, 2017 WL 7051061, at *1 (E.D. Tex., Sept. 1, 2017); *Listoken Trust v. JVL Global Energy, L.P.,* 2010 WL 11601208, at *2 (W.D. Tex. June 4, 2010); *In re W.A.R., LLP,* 2012 WL 3023431, at *1 (D.C. Bk., July 24, 2012); *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319, 47 S.Ct. 361, 362, 71 L.Ed. 658 (1927).

## IV.
## APPLICATION OF LAW TO THE FACTS

Based on the testimony of purported Board members and officers of the DFOF, Pennie has served as President of the DFOF for over three years. *See Pennie Deposition,* at pp. 161-163, 179, Ex. 1; *see also Texas Secretary of State filings,* Ex. 2 and *Meeting Minutes*, Ex. 3. But, according to the DFOF's own bylaws, Pennie could only serve three consecutive one-year terms as President of the DFOF:

> **6.02 Term of Office**
> Each officer shall serve a one-year term of office and may not serve more than three (3) consecutive terms of office. Unless unanimously elected by the board at the end of his/her three (3) year terms or to fill a vacancy in an officer position, each board officer's term of office shall begin upon the adjournment of the board meeting at which elected and shall end upon the adjournment of the board meeting during which a successor is elected.

*See Corporate Bylaws of the DFOF*, Art. 6.02, p. 00469, attached as Exhibit 6. Thus, Pennie could not be President of the DFOF after 2017 and would have no authority to act as an officer on behalf of the DFOF. *See Exs*. 1 and 6.

Additionally, the bylaws do not give the President of the DFOF authority to institute a lawsuit on behalf of the DFOF. *See* Ex. 6. It is the Board of Directors of the DFOF that must authorize a lawsuit to be filed on behalf of the DFOF. *See Gregory*, 2011 WL 3925070, at *3;

*Jackson*, 2018 WL 6187616, at *3; and *Square 67 Dev. Corp.*, 559 S.W.2d. at 138. Because the DFOF and its counsel cannot demonstrate the required legal authority to file this lawsuit, neither the DFOF nor its counsel may prosecute this lawsuit.

Because this lawsuit was not authorized by the DFOF and not filed in compliance with Rule 17(b) of the Federal Rules of Civil Procedure regarding the capacity of a Texas corporation to sue, it must be dismissed. Alternatively, the DFOF's counsel had no authority to file this lawsuit and therefore dismissal is warranted.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray their *Motion* be granted, the DFOF's lawsuit be dismissed, or alternatively, order the DFOF to show authority to have filed this lawsuit.

Defendants respectfully request all such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

**LAW OFFICE OF MARK A. TICER**

By: */s/ Mark A. Ticer*
Mark A. Ticer
mticer@ticerlaw.com
State Bar #20018900
Jennifer Weber Johnson
jjohnson@ticerlaw.com
State Bar #24060029
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 219-4220
(214) 219-4218 (FAX)

***ATTORNEYS FOR DEFENDANT DALLAS
POLICE ASSOCIATION***

*And*

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
**ATTORNEY IN CHARGE**
State Bar No. 24025946
**MARK D. HARDY, JR.**
State Bar No. 24087667
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 fax
fred.arias@fletcherfarley.com
dj.hardy@fletcherfarley.com

**ATTORNEYS FOR DEFENDANTS
FREDERICK FRAZIER AND DPA'S ASSIST
THE OFFICER FOUNDATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system to all counsel of record on this the 13th day of August 2019.

*/s/ Mark A. Ticer*
Mark A. Ticer

## CERTIFICATE OF CONFERENCE

The undersigned counsel has complied with the meet and confer requirements in Local Rule CV-7(h), as detailed below.

A conference regarding this *Motion* was attempted on August 9, 2019 *via* electronic email to all counsel inviting a more formal conference on the *Motion*. No response was received by Plaintiff's counsel.

On August 13, 2019, a conference was attempted with all counsel by sending a copy of this *Motion* to all counsel and requesting a response as to whether Plaintiff is opposed or unopposed to this *Motion*.

On August 13, 2019, the undersigned counsel called Plaintiff's counsel, Maeghan Whitehead, to confer on the *Motion* and left a detailed phone message.

Plaintiff advised on August 13, 2019 that Plaintiff is opposed to the *Motion*.

Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Jennifer W. Johnson*
Jennifer W. Johnson