**United States District Court**
**Eastern District of Texas**
**Sherman Division**

| | | |
|---|---|---|
| DALLAS FALLEN OFFICER FOUNDATION, | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 4:18-cv-00481 |
| FREDERICK FRAZIER, DPA'S ASSIST THE OFFICER FOUNDATION, INC., AND DALLAS POLICE ASSOCIATION, | § § § § § § | |
| Defendants | § | |

## Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 17(b)(2)

Plaintiff Dallas Fallen Officer Foundation (the "FOF") files this Response to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 17(b)(2) and Brief in Support, or Alternatively, Motion to Show Authority (the "Motion"), and respectfully shows the Court the following:

In the Motion, Defendants untimely (and wrongly) assert that the lawsuit should be dismissed because it was not authorized by the FOF and not filed in compliance with Rule 17(b) of the Federal Rules of Civil Procedure regarding the capacity of a Texas corporation to sue.[1] With respect to capacity, the Fifth Circuit has instructed:

> Capacity to sue is a defense, and the federal rules require not only that the defendant raise issues of capacity, but he must do so by 'specific negative averment.' FED. R. CIV. P. 9(a). . . . Defenses objecting to lack of capacity that are not raised are waived.[2]

---

[1] *See* Defendants' Motion [Dkt. #61] at 5.
[2] *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994).

Here, Defendants failed to assert any defense with respect to capacity in their respective answers[3] and failed to seek leave from the Court to amend their answers.[4] Because Defendants failed to timely raise capacity as a defense, Defendants have waived the argument,[5] and the Motion should be denied for this basis alone.

Furthermore, pursuant to the Court's Scheduling Order [Dkt. #18], the deadline for the parties to file motions to dismiss, motions for summary judgment, or other dispositive motions was February 1, 2019. Rather than comply with the Court's Scheduling Order, Defendants waited until approximately 6.5 months after the February 1, 2019 deadline for dispositive motions and filed their Motion on August 13, 2019.[6] Defendants did not seek leave from the Court to file their dispositive motion more than 6 months after the Court-mandated deadline. In fact, Defendants have not even tried to show good cause for their untimely filing.[7] Because Defendants' filing is untimely, the Court should deny their Motion for this additional reason.

In addition to being untimely, Defendants' Motion is meritless. Defendants waste the Court's time and the parties' resources arguing—on the eve trial—that the FOF's lawsuit was allegedly unauthorized and filed in violation of Federal Rule of Civil Procedure 17(b). Out of an abundance of caution and to clarify the FOF's intentions and authority with respect to this lawsuit, the Board of Directors of the FOF adopted the Resolution to Ratify Filing and Prosecution of Lawsuit attached hereto as Exhibit A (the "Resolution"). As the Resolution makes clear, the FOF's Board of Directors unanimously ratified the filing and prosecution of this lawsuit as well as each and every action undertaken by Demetrick Pennie on behalf of the FOF in connection with

---

[3] *See generally* Defendant DPA's First Amended Answer [Dkt. #21] and Defendants Frazier and ATO's First Amended Answer [Dkt. #25].

[4] In February 2019, over six months ago, Defendants sought leave to file their respective amended answers, yet they did not raise any issues of capacity. *See id*. The deadline in the Court's Scheduling Order [Dkt. #18] for Defendants' final amended pleadings was February 1, 2019.

[5] *See F.D.I.C.*, 34 F.3d at 1299.

[6] *See generally* Defendants' Motion [Dkt. #61] (filed August 13, 2019).

[7] This is presumably because no good cause exists for Defendants waiting approximately 6.5 months after the dispositive motion deadline to file their Motion.

the filing and prosecution of this lawsuit. Accordingly, the Resolution moots any arguments Defendants have untimely raised with respect to the FOF's authorization to file and prosecute this lawsuit.[8] The Motion must be denied on the merits.

## CONCLUSION

For the foregoing reasons, the FOF respectfully requests that the Court deny the Motion.

August 27, 2019

Respectfully submitted,

**Griffith Barbee PLLC**

/s/ *Maeghan Whitehead*

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Michael Barbee
Texas Bar No. 24082656
Michael.Barbee@griffithbarbee.com

Maeghan Whitehead
Texas Bar No. 24075270
Maeghan.Whitehead@griffithbarbee.com

Katherine Bandy Weber
Texas Bar No. 24045445
Katherine.Weber@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 710
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

**Counsel for Plaintiff**
**Dallas Fallen Officer Foundation**

---

[8] *See, e.g., Candle Meadow Homeowners Ass'n v. Jackson*, 05-17-01227-CV, 2018 WL 6187616, at *4 (Tex. App.—Dallas Nov. 27, 2018, no pet.) ("The board of directors of a non-profit corporation may ratify an act or contract of a corporation which they could have initially authorized.").

**Certificate of Service**

The undersigned certifies this document was filed electronically in compliance with Local Rule CV-5(a). As such, it was served on all counsel of record on August 27, 2019.

/s/ *Maeghan Whitehead*
Maeghan Whitehead